## CLAYTON KEMP V. THE STATE.

No. 10002.   Delivered November 10, 1926.

Rehearing denied February 2, 1927.

Second Rehearing refused February 16, 1927.

**1.—Theft, a Felony—Indictment—Motion to Quash—Properly Overruled.**

The appellant in this case, in his motion to quash the indictment, urged the same objections as those that were made in the case of Tom Gentry v. the State, No. 10000, this day handed down by this court. The opinion in the Gentry case is applicable to the instant case, and for the reasons there stated, the objections to said indictment and the action of the court thereon are overruled.

**2.—Same—Bill of Exception—Incomplete—No Error Presented.**

On rehearing appellant assails the correctness of the part of our opinion wherein we said that he had not shown himself in a position to challenge the array of the grand jurors. The bill of exception taken by appellant to the overruling of his motion to quash the indictment, because the grand jury returning said indictment was illegal, fails to show that the appellant was not in jail or that he had not been arrested prior to the time the grand jury was impaneled, and in the absence of such showing this court is compelled to uphold the action of the trial court, upon the presumption of regularity.

**3.—Same—Second Motion for Rehearing—Refused.**

Appellant seeks permission to present a second motion for rehearing, upon the proposition that the facts in this case are identical with the case of Willie Davis v. State from Hopkins County, recently reversed. In this he is mistaken. The motion to quash the indictment in the Davis case and the instant case are entirely different, and his application to file a second motion is denied.

Appeal from the District Court of Hopkins County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of theft, a felony, penalty five years in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Hopkins County for theft of seed cotton over the value of $50, and his punishment assessed at confinement in the penitentiary for five years.

There is no statement of facts in the record, and the only question presented for our consideration is the alleged refusal of the court to quash the indictment, because it is contended that the District Judge, after the jury commissioners had selected the list of grand jurors and before same had been sealed, erased from said list some of the names thereon and directed that other names should be selected by said commission in lieu thereof. The appellant urges the same objections to said indictment that are made in the case of Tom Gentry v. State, No. 10000, this day handed down by the court. The discussion of the points made, citations of authorities and conclusions reached by the court in the Gentry case, supra, are applicable to the instant case, and for

the reasons there stated the objections to said indictments and the action of the court thereon are here overruled.

After a careful examination of the record, and finding no reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant assails the correctness of that part of our opinion wherein we said that he had not shown himself to be in a position to challenge the array of grand jurors. He asserts that the indictment herein was returned after said grand jury was impaneled, and also that the allegation of the date of the offense in the indictment shows same to be subsequent to the impaneling of said grand jury. Under all the holdings of this court the date of an offense as charged in an indictment is of little materiality, provided same be within the period of limitation, and the fact that the date alleged as that of the commission of the offense is one subsequent to that of the impaneling of the grand jury, does not prove that appellant had not been arrested and charged with the offense prior to the time said grand jury was impaneled. The bill of exceptions taken by appellant presenting his complaint of the overruling of his motion to quash the indictment, the ground of which motion being that the grand jury returning said indictment was illegal— nowhere states or in any way apprises this court of any facts making apparent to us that this appellant was not in jail or that he had not been arrested and charged with this offense prior to the time the grand jury herein was impaneled. The burden is upon one making an objection to substantiate it by a showing of the facts supporting said objection. In the absence of such showing this court would be compelled to uphold the action of the trial court upon the presumption of regularity. In a qualification to said bill of exceptions the learned trial judge states that in fact appellant was arrested and had been held upon preliminary trial before this grand jury was impaneled. This qualification is excepted to by appellant and cannot therefore be considered by us. We are deciding the question against appellant's contention because of the entire absence of proof in the bill of

exceptions supporting it.    There is no statement of the facts in this case.

Being of opinion that appellant has failed to substantiate the claims appearing in the motion to quash, and that the disposition of this case is controlled by the opinion in Gentry v. State, No. 10000, rehearing in which was denied January 19, 1927, the motion for rehearing will be overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks permission to present a second motion for rehearing upon the proposition that the facts in this case are identical with those in the case of Willie Davis v. State, from Hopkins County, recently reversed.    Appellant is mistaken.    The allegations in the motion to quash the bill of indictment in the Davis case and the instant case are entirely different.

The application to file second motion for rehearing is denied.

*Denied.*